[No. C065356. Third Dist. Feb. 2, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
MIGUEL OCHOA, Defendant and Appellant.

**COUNSEL**

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Julie A. Hokans, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ROBIE, J.**—In this case we interpret the meaning of a statute that prohibits visitation between criminal defendants and the children they sexually molest. The statute provides in pertinent part as follows: "[w]henever a person is sentenced to the state prison on or after January 1, 1993, for violating Section 261, 264.1, 266c, 285, 286, 288, 288a, 288.5, or 289, and the victim of one or more of those offenses is a child under the age of 18 years, the court shall prohibit all visitation between the defendant and the child victim." (Pen. Code,[1] § 1202.05, subd. (a).)

The issue here is whether the statute's prohibition on visitation includes only child victims of offenses for which a defendant was sentenced to prison. Based on the plain language of the statute, the answer is "yes."[2] As such, we strike the portion of a no visitation order issued by the trial court that encompasses victims of offenses for which the defendant was never sentenced to prison.

## FACTUAL AND PROCEDURAL BACKGROUND

In a single indictment, defendant Miguel Ochoa was charged with crimes against five girls: three of the girls were alleged to be victims of sex offenses (D., V., Ang.) and two of the girls were alleged to be victims of "nonsex" offenses (M., Ann.). Defendant pled guilty to committing sex offenses against two of the girls (D. and V.) and was sentenced to prison for those offenses. The remaining charges against him were dismissed. At sentencing, the court issued a no visitation order as to all five girls pursuant to section 1202.05.

On appeal, defendant contends the no visitation order must be stricken as to three of the girls (M., Ann., Ang.) because the statute permitting the no visitation order requires he actually be convicted of an enumerated sex offense against the alleged victim and sentenced to prison. Here, he was convicted and sentenced to prison for enumerated sex offenses against only two victims (D. and V.).

The People agree, but only up to a point. They concede the no visitation order must be stricken as to two of the girls (M. and Ann.) because the crimes involving them were not sex offenses for which a no visitation order must be imposed. However, as to the no visitation order relating to Ang., they argue it

---

[1] Further statutory references are to the Penal Code.

[2] Our decision is appropriately limited to the plain language of the specific statute at issue in this appeal. We are not called upon here to discuss other laws that may authorize a trial court to limit or prohibit contact between sex offenders and child victims in appropriate circumstances.

should stand because defendant entered his plea with a *Harvey*[3] waiver and because defendant agreed to pay restitution to Ang., even though the counts pertaining to her were being dismissed.

## DISCUSSION

The starting point with any argument based on statutory construction is the words of the statute. (*California Forestry Assn. v. California Fish & Game Commission* (2007) 156 Cal.App.4th 1535, 1545 [68 Cal.Rptr.3d 391].) We give those words their usual and ordinary meaning, and if there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs. (*Ibid.*)

Here, section 1202.05, subdivision (a) provides that "[w]henever a person is sentenced to the state prison on or after January 1, 1993, for violating [certain enumerated sex offenses], and the victim of one or more of those offenses is a child under the age of 18 years, the court shall prohibit all visitation between the defendant and the child victim." Thus, section 1202.05, subdivision (a), requires the court to prohibit visitation between a defendant and a child victim when all of the following conditions are met: (1) the defendant was sentenced to state prison, on or after January 1, 1993, (2) for violating one of the enumerated sex offenses, (3) and the victim of the offense was under 18 years of age at the time of the offense. With the third condition, the Legislature limited the prohibition on visitation to children under the age of 18 years who were "the victim of one or more *of those offenses* . . . ." (*Ibid.*, italics added.) In referring to "those offenses," section 1202.05 unambiguously refers to victims of offenses for which defendant was sentenced to prison. Any other construction that would encompass child victims for offenses against whom a defendant was not sentenced would render the phrase "those offenses" surplusage. As our Supreme Court has repeatedly noted, " 'a construction that renders a word surplusage should be avoided.' " (*People v. Arias* (2008) 45 Cal.4th 169, 180 [85 Cal.Rptr.3d 1, 195 P.3d 103].) Accordingly, we construe section 1202.05, subdivision (a), to encompass only child victims of enumerated sex offenses for which a defendant was sentenced to prison. Here, that includes only victims D. and V.

The People argue the no visitation order as to Ang. is justified because defendant entered his plea with a *Harvey* waiver. (See *People v. Harvey, supra*, 25 Cal.3d 754.) A valid *Harvey* waiver "permits a trial court to consider facts underlying dismissed counts in determining the appropriate disposition for the offense of which the defendant was convicted." (*People v. Moser* (1996) 50 Cal.App.4th 130, 132–133 [57 Cal.Rptr.2d 647].)

---

[3] *People v. Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396].

Even if defendant entered a *Harvey* waiver, evidence suggesting defendant committed an enumerated sex offense against Ang. would not suffice for a no visitation order as it relates to her under section 1202.05. As we have explained, that section applies only when a defendant is convicted of and sentenced to prison for an enumerated sex offense against that victim. Here, defendant was not convicted of and sentenced to prison for such an offense against Ang.

The People further argue the no visitation order as to Ang. is justified by defendant's admission during the plea colloquy that she was a victim entitled to restitution, even though the counts relating to her were being dismissed. Again, since Ang. was not a victim of an enumerated sex offense for which defendant was sentenced to prison, the provisions requiring a no visitation order as to her do not apply. Accordingly, we must strike the no visitation order as it pertains to Ang.

## DISPOSITION

The no visitation order is modified to strike that portion which prohibits defendant from having visitation with M., Ann., and Ang. As modified, the judgment is affirmed. The court is directed to issue an amended abstract of judgment reflecting the modification, and to forward a certified copy to the Department of Corrections and Rehabilitation.

Raye, P. J., and Mauro, J., concurred.