Filed 1/29/15  P. v. Jimenez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ARMANDO GALAVIZ JIMENEZ,<br><br>Defendant and Appellant. | D066189<br><br><br>(Super. Ct. No. SCS267225) |

APPEAL from a judgment of the Superior Court of San Diego County, Theodore M. Weathers, Judge.  Affirmed as modified with directions.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Parag Agrawal, Deputy Attorneys General, for Plaintiff and Respondent.

Between March and June 2013, Armando Galaviz Jimenez rented a room in the apartment where minor Juan O. lived with his mother, Lorena C.[1] Juan suffers from autism. In September, Lorena reported to the police that Jimenez had sexually molested Juan. Juan told the police that Jimenez touched his genitals and buttocks and performed oral and anal sex on him on at least three separate occasions. Juan also said that Jimenez had showed him a sexually explicit movie. In a search of Jimenez's home, police officers found two fictitious United States Citizenship and Immigration Services cards bearing Jimenez's photograph and two fictitious Social Security cards.

Jimenez entered a negotiated guilty plea to committing a lewd act on a 14- or 15-year-old child and being at least 10 years older than the child (Pen. Code, § 288, subd. (c)(1)) (count 1);[2] participating in an act of oral copulation with a person under 18 years old (§ 288a, subd. (b)(1)) (count 2); distributing harmful matter to a minor with the intent of seduction (§ 288.2, subd. (a)) (count 5); and using false documents to conceal his true citizenship (§ 114) (count 10). The court sentenced Jimenez to seven years in prison: the five-year term on count 10 and consecutive eight-month terms (one-third the middle term) on the remaining counts.

At sentencing, the court ordered that Jimenez "have no contact with the victim or the victim's family pursuant to . . . section 1202.05." Section 1202.05, subdivision (a) states: "Whenever a person is sentenced to the state prison . . . for violating

---

[1] During this period, Jimenez was 47 and 48 years old and Juan was 14 or 15 years old.

[2] All further statutory references are to the Penal Code.

Section . . . 288 [or] 288a . . . , and the victim of one or more of those offenses is a child under the age of 18 years, the court shall prohibit all visitation between the defendant and the child victim." Jimenez contends the no contact order is unauthorized insofar as it prevents contact with the victim's family and requests that the order be modified accordingly. Respondent concedes the point, and further notes the order is overbroad in that it prohibits contact, not just visitation. We agree.

Although there is no case directly on point, the following case law is instructive. "The starting point with any argument based on statutory construction is the words of the statute. [Citation.] We give those words their usual and ordinary meaning, and if there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs. [Citation.]" (*People v. Ochoa* (2011) 192 Cal.App.4th 562, 565.) The language of section 1202.05, subdivision (a) is clear and unambiguous. (*People v. Ochoa*, *supra*, at pp. 564-565.) It authorizes only a prohibition of visitation between the defendant and the child victim of the applicable offenses. (*Id* at pp. 564-566 [striking portion of no visitation order encompassing victims of offenses for which defendant was not sentenced to prison]; *Robin J. v. Superior Court* (2004) 124 Cal.App.4th 414, 421, 424 [juvenile court exceeded authority in declaring invalid a prison regulation concerning visitation between minor children and inmates incarcerated for committing certain sexual offenses (Cal. Code Regs., tit. 15, § 3173.1)]; see *People v. Scott* (2012) 203 Cal.App.4th 1303, 1307 [minute order and abstract of judgment referred to "no contact," although the court's oral pronouncement did not; § 1202.5 did not authorize prohibition of visitation with victim who was no longer minor at time of

sentencing].)  Section 1202.05 contains no prohibition regarding anyone other than the victim (*People v. Ochoa*, *supra*, at pp. 564-566) and no prohibition of "contact" (see *People v. Scott*, *supra*, at pp. 1317-1318, 1323-1325).  Our research has not revealed any other statute or prison regulation that would authorize the order made in the instant case.

DISPOSITION

The order prohibiting Jimenez from having contact with the victim and the victim's family is modified to delete references to the victim's family and to limit the restriction concerning the victim to visitation.  As so modified, the judgment is affirmed. The superior court is directed to amend the abstract of judgment accordingly and forward the amended abstract of judgment to the Department of Corrections and Rehabilitation. As required by section 1202.05, subdivision (a), the court shall transmit the amended order to, as applicable, "the parents, adoptive parents, or guardians, or a combination thereof, of the child victim, and to the child victim."


HALLER, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.