Filed 6/4/15  P. v. Smith CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C077880 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF14183) |
| v. | |
| ALEX SMITH IV, | |
| Defendant and Appellant. | |

In this appeal, defendant Alex Smith IV contends, and the People agree, the trial court's imposition of a no-visitation order between defendant and the victim under Penal Code[1] section 1202.05 was unauthorized, and the order must be stricken, because the statutes under which defendant was convicted are not among those that allow for imposition of a section 1202.05 no-visitation order and because the victim was not a

---

[1]    Further undesignated section references are to the Penal Code.

1

minor at the time of sentencing.  We agree with the parties on this point; however, we also conclude the trial court erred in not considering whether to issue a no-contact order under section 136.2, subdivision (i)(1), because that statute requires the court to consider issuing such an order whenever the defendant is convicted of a crime that requires sex offender registration, as defendant was here.  Accordingly, we will strike the existing no-visitation order and remand the case to the trial court to consider whether to impose a no-contact order under section 136.2.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2014, defendant introduced himself to the victim over the Internet.  Shortly thereafter, they met in person.  After repeatedly telling the victim that she needed to make money if she wanted to be in a relationship with him, and despite the victim's protests that she was not interested in prostituting herself, defendant had a friend create an online advertisement in her name.  Multiple responses were received, and defendant drove the victim to meet a potential customer.  The victim was in contact with defendant via text message while she and the customer negotiated what acts would be performed and what those acts would cost.  A Yuba County Sheriff's Deputy contacted the victim and customer and found out they were meeting for sex.  The victim was 17 years old at the time of this encounter.

Following defendant's eventual arrest, he contacted the victim and told her to tell the police she had lied about his actions.  The victim told the Yuba County District Attorney's Office investigator about defendant's call and other calls from an unknown woman using defendant's cell phone calling the victim a " 'snitch' " and a " 'snitch ass bitch' " and telling the victim, " 'when I see you, I'm going to fucking kill you.' "

Defendant was charged with (among other things) persuading a minor to engage in a commercial sex act and making criminal threats.  Defendant eventually pled no contest to these two charges and the remainder of the charges were dropped.  In November 2014, the trial court sentenced defendant to five years and eight months in prison, required him

2

to register as a sex offender, and issued a no-visitation order between defendant and the victim under section 1202.05. The victim was 18 at the time of defendant's sentencing. This appeal followed.

DISCUSSION

Defendant contends, and the People agree, the no-visitation order between defendant and the victim was improper for two reasons. First, the parties agree that the offenses to which defendant pled do not provide a proper basis for the issuance of a section 1202.05 no-visitation order. Second, the parties also agree the no-visitation order was unauthorized regardless of whether defendant's convictions otherwise would have provided grounds for its issuance because the victim was not a minor at the time of defendant's sentencing.

Section 1202.05, subdivision (a) requires trial courts to prohibit all visitation between defendants and their child victims when the defendants are sentenced to prison for violation of "Section 261, 264.1, 266c, 285, 286, 288, 288a, 288.5, or 289." Here, defendant was convicted of violating section 236.1, subdivision (c)(1) and section 422, neither of which are among the offenses listed in section 1202.05, subdivision (a). In *People v. Ochoa* (2011) 192 Cal.App.4th 562, this court held that one of the conditions for the application of section 1202.05, subdivision (a) is that the defendant was sentenced to prison "for violating one of the enumerated sex offenses." (*Ochoa,* at p. 565.) Under *Ochoa*, the no-visitation order here was not valid because defendant was not sentenced to prison for violation of any of the offenses enumerated in section 1202.05, subdivision (a).

In addition, the no-visitation order here was improper because the victim was not a minor at the time of defendant's sentencing. In *People v. Scott* (2012) 203 Cal.App.4th 1303, the Sixth Appellate District held that section 1202.5, subdivision (a) "was intended to affect only victims who were under the age of 18 at the time of sentencing or, more precisely, at the time of a contemplated visit with a state prison inmate." (*Scott*, at p. 1313.) Because the victim here was 18 at the time of sentencing, section 1202.05,

3

subdivision (a) did not authorize the court to issue a no-visitation order between her and defendant.

Although the court had no basis for issuing a no-visitation order under section 1202.5, subdivision (a), the court should have considered issuing a no-contact order under section 136.2, subdivision (i)(1). As relevant here, the latter statute provides that "[i]n all cases in which a criminal defendant has been convicted of . . . any crime that requires the defendant to register pursuant to subdivision (c) of Section 290, the court, at the time of sentencing, shall consider issuing an order restraining the defendant from any contact with the victim." Here, defendant was convicted of persuading a minor to engage in a commercial sex act (§ 236.1, subd. (c)(1)) -- a crime that requires sex offender registration under subdivision (c) of section 290. Accordingly, the trial court was required to consider issuing a no-contact order at the time of sentencing. The court's failure to do so was error, and therefore we will remand so that the court can consider issuing such an order.

DISPOSITION

The no-visitation order between defendant and the victim is stricken. As modified, the judgment is affirmed, but the case is remanded to the trial court with directions to consider issuance of a no-contact order under section 136.2, subdivision (i)(1).

                                                   _____ROBIE_____, Acting P. J.

We concur:

_____BUTZ_____, J.

_____DUARTE_____, J.

4