Filed 7/8/25  P. v. Cabrera CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>IRINEO CABRERA,<br><br>    Defendant and Appellant. | B335152<br><br>(Los Angeles County<br> Super. Ct. No. NA098263) |

APPEAL from postconviction order of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Affirmed.

Sharon Fleming, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, Shezad H. Thakor, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Irineo Cabrera appeals the trial court's summary denial of his Penal Code section 1172.6 petition.[1]  He contends the trial court erred by finding his voluntary manslaughter plea, made after the effective date of legislation enacting section 1172.6 (Senate Bill No. 1437), but before the effective date of amending legislation (Senate Bill No. 775), rendered him ineligible for relief as a matter of law.  We affirm.

## BACKGROUND

On April 8, 2015, the Los Angeles County District Attorney filed an information charging defendant and three co-defendants with the murders of Austin Seng and Chamreun Kong (§ 187, subds. (a); counts 1-2) and attempted premeditated murder of Sovannkoma Tes (§§ 664/187, subd. (a); count 3).  On all three counts, the information alleged various gang and firearm enhancements (§§ 186.22, subd. (b)(1)(C), 12022.53, subds. (b)-(d), (e)).

On April 23, 2019, as part of a negotiated disposition, the prosecution orally amended the information to charge defendant with voluntary manslaughter of Austin Seng (§ 192, subd. (a); count 4) with an attached gang allegation (§ 186.22, subd. (b)(1)(C).  Defendant entered a no contest plea to that offense, admitted the gang enhancement allegation, and entered a *Harvey* waiver as to counts 2 and 3.[2]  The court accepted the plea, found

---

[1]     Subsequent unspecified references to statutes are to the Penal Code.

[2]     A waiver entered pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, allows the trial court to consider facts underlying dismissed counts when determining an appropriate disposition for the offense of

2

a factual basis for it, and sentenced defendant to an agreed-upon sentence of 16 years (the middle-term of six years for voluntary manslaughter, plus 10 years for the gang enhancement).

On June 1, 2023, defendant filed a form petition for resentencing pursuant to section 1172.6. The court appointed counsel and received briefing by the parties. In its written opposition, the prosecution argued defendant was ineligible for relief as a matter of law because he entered his plea after the effective date of Senate Bill No. 1437 (2017-2018 Reg. Sess.), which removed murder liability under the felony murder rule and the natural and probable consequences doctrine.

The court held a hearing on the petition on February 9, 2024. The court began the hearing by analogizing this case to *People v. Reyes* (2023) 97 Cal.App.5th 292 (*Reyes*), in which the Fifth Appellate District held that a criminal defendant who entered a no contest plea to manslaughter after the effective date of Senate Bill No. 1437 was ineligible for resentencing relief as a matter of law. Following argument of counsel, the court applied *Reyes* and summarily denied defendant's petition. Defendant timely appealed.

## DISCUSSION

### A. Overarching Law: Section 1172.6

Senate Bill No. 1437, which took effect January 1, 2019, was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is

---

which the defendant is convicted. (*People v. Ochoa* (2011) 192 Cal.App.4th 562, 565.)

not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It accomplished this purpose by substantively amending sections 188 and 189 and adding what would later become section 1172.6. (See § 1172.6, subd. (a); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)

Amidst judicial uncertainty about section 1172.6's applicability to convictions other than murder, the Legislature enacted Senate Bill No. 775 (2021-2022 Reg. Sess.), which took effect January 1, 2022. The bill clarified "that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural and probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1, subd. (a).)

To obtain resentencing relief under section 1172.6, a petitioner must demonstrate that the following conditions exist: (1) a complaint or information was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory under which malice is imputed to the petitioner based solely on his participation in a crime; (2) the petitioner was convicted of murder or manslaughter at trial "or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder;" and (3) the petitioner "could not presently be convicted of murder or attempted murder because of changes to Sections 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)-(3).)

4

After receiving a properly pleaded petition for resentencing, the trial court must appoint counsel, if requested, and determine whether the petitioner made a prima facie case for relief. (§ 1172.6, subds. (b)(2), (c).)  The prima facie inquiry under subdivision (c) is "limited" but "more demanding than the inquiry into facial validity" under subdivisions (a) and (b).  (*Lewis, supra*, 11 Cal.5th at p. 971; *People v. Patton* (2025) 17 Cal.5th 549, 566 (*Patton*).)  If the petitioner makes a prima facie showing, the court must issue an order to show cause for an evidentiary hearing.  (§ 1172.6, subds. (c), (d); *People v. Hurtado* (2023) 89 Cal.App.5th 887, 891.)  If the petition and record of conviction conclusively establish the petitioner's ineligibility for relief, the court may deny the petition without issuing an order to show cause.  (*Patton, supra*, at p. 569; *People v. Strong* (2022) 13 Cal.5th 698, 708.)

We review the trial court's summary denial of a section 1172.6 petition de novo.  (*People v. Coley* (2022) 77 Cal.App.5th 539, 545.)

## B.    Analysis

Defendant contends the trial court erred by summarily denying his resentencing petition because his manslaughter plea was entered before Senate Bill No. 775 amended section 1172.6 to "include *attempted* murder."  Defendant avers there need not "be a direct match between the murder or attempted murder charge which permitted prosecution under an implied malice theory, and the offense to which the defendant ultimately plead[ed] guilty."

1.   *Reyes, Lezama, and Gallegos*

Defendant recognizes his contentions have been rejected by several decisions.  The first decision, *Reyes*, was invoked by the trial court below.  There, the Fifth Appellate District held that a defendant charged with murder in 2020 who pled no contest to second degree murder the following year failed to make a prima facie showing of entitlement to relief under section 1172.6. (*Reyes*, *supra*, 97 Cal.App.5th at p. 296.)  The court reached this conclusion for two related reasons.  First, the charging document was filed against the defendant after Senate Bill No. 1437 took effect, which precluded the prosecution from proceeding "under a theory of murder liability that is now invalid" and subject to relief under section 1172.6, subdivision (a)(1).  (*Id.* at p. 298.) Given this timing, the defendant also could not demonstrate he "could not presently be convicted of murder . . . 'because of changes' brought by Senate Bill No. 1437" as required under section 1172.6, subdivision (a)(3).  (*Ibid.*)

The next case to consider the issue was *People v. Lezama* (2024) 101 Cal.App.5th 583 (*Lezama*), which addressed a nearly identical fact pattern as presented here.  In *Lezama*, the defendant appealed the summary denial of his section 1172.6 petition on the basis he pleaded guilty to voluntary manslaughter after Senate Bill No. 1437 went into effect.  (*Id.* at pp. 585-586.) As in this case, the prosecution filed charges against the defendant for murder and another non-homicide count (conspiracy to commit murder) before the effective date of Senate Bill No. 1437.  (*Ibid.*)  On appeal, the defendant argued the trial court erred in finding he could not meet the last condition for relief as a matter of law—that he "'could not presently be convicted of murder or attempted murder because of changes to

6

[s]ection 188 or 189 made effective'" by Senate Bill No. 1437. (*Id.* at pp. 588-589.) In his view, "it could be the time of filing of an information charging murder which left open the possibility the prosecution could employ an imputed malice theory." (*Id.* at p. 589.)

After reviewing "consistent statements of legislative intent," the *Lezama* court held that section 1172.6 "in the manslaughter context [is] to make relief available to defendants who were convicted by plea or trial at a time when the prosecution could have pursued a murder charge, but the only way of doing so would have been a now invalid theory of imputed malice." (*Lezama, supra,* 101 Cal.App.5th at p. 590.) In such context, the court found "the most reasonable reading of the third criterion for establishing resentencing eligibility [under section 1172.6, subdivision (a)(3)] is that at the time of conviction—i.e., at the time the plea was entered—the only way to a murder conviction was through an imputed malice theory. As a matter of law, this cannot be true for a person, like defendant, who pled guilty to voluntary manslaughter at a time when imputed malice theories had already been statutorily eliminated." (*Ibid.*)

In *People v. Gallegos* (2024) 105 Cal.App.5th 434 (*Gallegos*), the Fifth Appellate District agreed with the *Lezama* court's reasoning. There, the court deemed petitioners ineligible for relief as a matter of law if, by the time they entered their plea, they "no longer faced potential murder liability under imputed malice theories eliminated by Senate Bill No. 1437." (*Gallegos, supra,* at pp. 438-439, 443.)

More relevant to this case, the *Gallegos* court also rejected an argument that *Lezama* was "inapplicable . . . because, in addition to the charge of murder on which [the defendant] pled to

7

the lesser offense of voluntary manslaughter, he also faced a charge of attempted murder." (*Gallegos*, *supra*, 105 Cal.App.5th at p. 444.) In rejecting this argument, the court discussed the statutory language of section 1172.6, which focused on "the individual conviction at issue" and not charges "separate and apart" from the conviction to which section 1172.6 might apply. (*Ibid.*) This conclusion found support in legislative history evincing an intent to apply section 1172.6 "to those petitioners who entered a plea to manslaughter only if, at the time the plea was entered, the only way *to a charged murder conviction* was through an imputed malice theory eliminated by Senate Bill No. 1437." (*Id.* at p. 445, citing Stats. 2021, ch. 551, § 1, subd. (a); Sen. Com. on Public Safety, Rep. on Sen. Bill No. 775 (2021-2022 Reg. Sess.) as amended Feb. 19, 2021, p. 3.)

Several published decisions have followed *Reyes*, *Lezema*, and *Gallegos*. (See *People v. Hickman* (2025) 110 Cal.App.5th 1262, 1265; *People v. Whipple* (2025) 110 Cal.App.5th 1177, 1182.)

2.      *Defendant is Ineligible for Relief as a Matter of Law*

While acknowledging "[i]t might be tempting to assume" his manslaughter plea was "directly related" to one of the murder charges, defendant contends he is nevertheless eligible for 1172.6 relief because he entered his plea at a time he could be prosecuted for an invalidated theory of attempted murder.

Defendant's contention is foreclosed by *Reyes*, *Lezama*, and *Gallegos*. (See *Gallegos*, *supra*, 105 Cal.App.5th at p. 445; *Lezama*, *supra*, 101 Cal.App.5th at p. 590.) We agree with this line of authority. Section 1172.6 focuses "on the individual conviction at issue . . . evidenc[ing] a statutory purpose to provide

8

relief for specific convictions obtained under a now-invalid theory of liability, and not . . . [for] dismissed charges separate and apart from the conviction at issue." (*Gallegos*, *supra*, at p. 444.)  The authorities cited by defendant support this conclusion.[3]

Resisting this conclusion, defendant argues it is "possible" his plea to voluntary manslaughter "was the result of a compromise" to avoid a conviction for attempted murder. Reasons that might have motivated defendant's plea have no bearing on his eligibility for resentencing relief in this case. Section 1172.6 is triggered by a particular *conviction* and the relief it provides depends on whether *that* conviction could have been obtained by a now-invalidated theory of imputed malice. (E.g., *Gallegos*, *supra*, 105 Cal.App.5th at p. 444.)  Defendant's plea admitted every element necessary to voluntary manslaughter, including the unlawful killing of Austin Seng. (See §§ 192, subd. (a), 1016, subd. 3; *People v. Avila* (2009) 46 Cal.4th 680, 705; *In re Chavez* (2003) 30 Cal.4th 643, 649.)  It is this conviction for a completed homicide of Seng, not an unsuccessful homicide attempt on Sovannkoma Tes, that determines defendant's eligibility or ineligibility for relief.

---

[3]    See *People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1213, fn. 4 ["When the Legislature added manslaughter to the covered crimes . . . it did so out of concern that some defendants may have pled guilty to voluntary manslaughter before 2019 *to avoid being convicted of a charged murder under one of the theories eliminated or narrowed* by Senate Bill No. 1437 in 2019"], italics added; see also Assem. Com. on Public Safety, Rep. on Sen. Bill No. 775 (2021-2022 Reg. Sess.), as amended July 6, 2021, p. 3 ["'When the Legislature passed Senate Bill 1437 . . . [i]t allowed a pathway for people who took plea deals to *lesser charges*, such as manslaughter to apply for resentencing'"], italics added.

Because the conviction for Seng's killing could not have been obtained through an imputed malice theory of murder when defendant entered his plea, he is ineligible for relief as a matter of law.

## DISPOSITION

The postconviction order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MORI, J.

We concur:

COLLINS, Acting P. J.

**GARCIA UHRIG, J.

---

**     Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.