[No. C022612. Third Dist. Oct. 22, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES D. MOSER, Defendant and Appellant.

**COUNSEL**

Michael R. Totaro, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Roger E. Venturi and Maureen A. Daly, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**SCOTLAND, J.**—This appeal poses the question whether a state court can order the defendant in a criminal case to pay restitution to a victim whose civil claim against the defendant for the damage covered by the restitution order has been discharged in bankruptcy. We conclude that it can.

As we shall explain, the Bankruptcy Code is not intended to limit the rehabilitative and deterrent options available to state courts. Because a restitution order serves the purposes of punishment, deterrence and rehabilitation, rather than the forced payment of a discharged debt, it is not precluded by bankruptcy law. Accordingly, we conclude the trial court in this case properly ordered victim restitution as a condition of probation, and will affirm the order.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant James D. Moser operated Northwestern Motor Cars, Inc. (Northwestern), a new and used car dealership. David and Kathy Ramirez agreed to purchase a car from Northwestern, which accepted the Ramirezes' used car in partial trade and agreed to pay off the balance owed by the Ramirezes on the trade-in.

After Northwestern failed to pay off the balance owed on the Ramirezes' used car, Moser stipulated to entry of judgment in a civil action brought by the Ramirezes in the amount of $19,011.22 against Moser and Northwestern.

Thereafter, Moser and his wife filed a voluntary petition under chapter 7 of the Bankruptcy Code (11 U.S.C. § 701 et seq.), and Moser's obligation to the Ramirezes on the civil judgment was discharged.

Moser later was charged with grand theft (Pen. Code, § 487), multiple counts of embezzlement (Pen. Code, §§ 503 and 506), and failure to transfer registration of 12 vehicles to their lawful owners (Veh. Code, § 5753). David Ramirez is one of eighteen victims identified in the information, and is a victim in three counts alleging embezzlement and failure to transfer registration.

Moser pled no contest to the single count of grand theft as a misdemeanor, in exchange for dismissal of the embezzlement charges with a *Harvey* waiver (*People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396]) and dismissal of the registration charges. A *Harvey* waiver permits a trial court to consider facts underlying dismissed counts in determining the

appropriate disposition for the offense of which the defendant was convicted. In his plea agreement, Moser acknowledged his no contest plea could require him to make restitution to all the victims.

Moser was placed on probation. Consistent with his *Harvey* waiver, the trial court ordered Moser to make restitution to the victims of the grand theft and embezzlement offenses as a condition of probation. At a hearing to determine the amount of restitution, Moser objected to an order requiring him to pay restitution to the Ramirezes. Because his underlying obligation to the Ramirezes had been discharged in bankruptcy, Moser argued, it cannot thereafter serve as the basis for a restitution order. The court disagreed and ordered Moser to pay the Ramirezes $19,011.22 in restitution. Hereafter, we shall refer to Moser as "defendant."

## DISCUSSION

Noting there is no published California case which addresses the issue in the factual posture presented here, defendant contends the doctrine of federal preemption precludes a trial court from ordering the defendant in a criminal case to pay restitution to a victim whose civil claim against the defendant for the damage covered by the restitution order has been discharged in bankruptcy.

In defendant's view, the language of 11 United States Code section 524(a)(1) (a discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged") demonstrates congressional intent to preempt state courts from making such orders. (Further section references are to 11 United States Code unless otherwise specified.) We disagree.

The United States Supreme Court has analyzed the Bankruptcy Code, its antecedents, and legislative history and concluded that Congress did not intend bankruptcy law to preempt restitution orders in state criminal judgments. (*Kelly* v. *Robinson* (1986) 479 U.S. 36, 50-53 [93 L.Ed.2d 216, 229-231, 107 S.Ct. 353].)

*Kelly* v. *Robinson* addressed whether a restitution obligation imposed as a condition of probation in a state criminal proceeding prior to the filing of a bankruptcy petition is dischargeable in bankruptcy. (479 U.S. at p. 38 [93 L.Ed.2d at p. 221].) Answering this question in the negative, the court observed that "Congress enacted the [Bankruptcy] Code in 1978 against the background of an established judicial exception to discharge for criminal

sentences, including restitution orders," and that the "right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States." (*Id.*, at pp. 46, 47 [93 L.Ed.2d at p. 227].) Construing the code in this light, and looking to the object and policy expressed by the code as a whole, the court held section 523(a)(7) "preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." (479 U.S. at p. 50 [93 L.Ed.2d at p. 229].)[1]

In applying section 523(a)(7) to restitution orders in criminal judgments, the Supreme Court stated: "The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment 'for the benefit of' the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution. Moreover, the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant. . . . [¶] . . . [¶] Because criminal proceedings focus on the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation, we conclude that restitution orders imposed in such proceedings operate 'for the benefit of' the State. Similarly, they are not assessed 'for . . . compensation' of the victim. The sentence following a criminal conviction necessarily considers the penal and rehabilitative interests of the State. Those interests are sufficient to place restitution orders within the meaning of § 523(a)(7)." (*Kelly* v. *Robinson, supra,* 479 U.S. at pp. 52-53 [93 L.Ed.2d at pp. 230-231], fn. omitted.)[2]

Although defendant dismisses *Kelly* v. *Robinson* as factually inapposite, we find its rationale equally applicable to an order in a criminal case requiring the defendant to pay restitution to a victim whose civil claim against the defendant for the damage covered by the restitution order has been discharged in bankruptcy.

In construing section 523(a)(7) to preserve from discharge a restitution order already imposed in a state criminal proceeding, the court was not

---

[1]Section 523(a)(7) provides in pertinent part that a debtor cannot be discharged from any debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty . . . ."

[2]The Violent Crime Control and Law Enforcement Act of 1994 added paragraph 13 to section 523(a) to include payments of restitution for federal crimes in the list of debts which are not dischargeable in bankruptcy. (See 2 Collier, Bankruptcy Manual (3d ed. 1996) ¶ 523.10C, p. 523-51.)

guided by a single provision of the Bankruptcy Code; rather, the court looked to the provisions of the whole law, and to its objects and policy (479 U.S. at p. 43 [93 L.Ed.2d at p. 225) and declined to conclude that Congress intended to "limit the rehabilitative and deterrent options available to state criminal judges" absent an express indication to do so. (*Id.*, at pp. 49, 51 [93 L.Ed.2d at pp. 228, 229-230].)

Considered with section 523(a)(7) and in light of the purpose of the code as a whole, the language of section 524(a)(1) (a discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged") does not indicate an intent to preempt postdischarge restitution orders in state criminal proceedings.

"One of the primary purposes of the Bankruptcy Code . . . is to give the *honest* individual debtor a fresh start unhampered by the pressure and discouragement of preexisting debt." (*People* v. *Goebel* (1987) 195 Cal.App.3d 418, 422 [238 Cal.Rptr. 242], italics added; *Local Loan Co.* v. *Hunt* (1934) 292 U.S. 234, 244 [78 L.Ed. 1230, 1235, 54 S.Ct. 695, 93 A.L.R. 195].) Nothing in the code indicates it is intended to insulate a debtor from the consequences of his prepetition criminal behavior. (*People* v. *Goebel*, *supra*, at p. 424.)

Moreover, a restitution order does not, in the language of section 524(a)(1), reflect a "determination of the personal liability of the debtor with respect to any debt discharged." ▮ As this court observed in *People* v. *Washburn* (1979) 97 Cal.App.3d 621 [158 Cal.Rptr. 822], " '[a] condition of restitution in a sentence of probation is a part of the judgment of conviction. It does not create a debt nor a debtor/creditor relationship between the persons making and receiving restitution. As with any other condition of a probationary sentence it is intended as a means to insure the defendant will lead a law-abiding life thereafter [citation].' " (*Id.*, at p. 626.)

Although based in part on the harm caused to the victim (Pen. Code, § 1202.4, subd. (g)), restitution is imposed primarily for the benefit of the state to promote the state's interests in rehabilitation and punishment. (*People* v. *Crow* (1993) 6 Cal.4th 952, 958 [26 Cal.Rptr.2d 1, 864 P.2d 80].) Among other things, California's restitution law ensures that amends are made to society for a breach of the law, serves a rehabilitative purpose, and acts as a deterrent to future criminality. (*Ibid.*; see *People* v. *Foster* (1993) 14 Cal.App.4th 939, 950 [18 Cal.Rptr.2d 1].) Restitution "is an effective rehabilitative penalty because it forces the defendant to confront, in concrete terms, the harm his actions have caused. Such a penalty will affect the

defendant differently than a traditional fine, paid to the State as an abstract and impersonal entity, and often calculated without regard to the harm the defendant has caused. Similarly, the direct relation between the harm and the punishment gives restitution a more precise deterrent effect than a traditional fine." (*Kelly* v. *Robinson, supra,* 479 U.S. at p. 49, fn. 10 [93 L.Ed.2d at p. 228]; see *People* v. *Richards* (1976) 17 Cal.3d 614, 620 [131 Cal.Rptr. 537, 552 P.2d 97], limited on other grounds in *People* v. *Carbajal* (1995) 10 Cal.4th 1114, 1126 [43 Cal.Rptr.2d 681, 899 P.2d 67].)

 Just as the Supreme Court's reasoning in *Kelly* v. *Robinson, supra,* 479 U.S. 36 [93 L.Ed.2d 216] leads to the conclusion that a debtor will not be relieved by bankruptcy discharge from an order of restitution imposed prior to the bankruptcy petition, there is no rationale for concluding the Bankruptcy Code bars a state court from ordering the defendant in a criminal case to pay restitution to a victim whose civil claim against the defendant for the damage covered by the restitution order has been discharged in bankruptcy. (*People* v. *Goebel, supra,* 195 Cal.App.3d at p. 426.)

In fact, the Court of Appeals, Fifth Circuit, has held that a federal judge may require an offender, as a condition of probation, "to make restitution to his victim for losses caused by the offense for which he was convicted, when the debt occasioned by the offense has been discharged in bankruptcy." (*United States* v. *Carson* (5th Cir. 1982) 669 F.2d 216.)

Because the restitution order imposed by the trial court in this case serves the purposes of punishment, deterrence and rehabilitation, rather than the forced payment of a discharged debt, it is not precluded by the Bankruptcy Code.

DISPOSITION

The order of probation is affirmed.

Puglia, P. J., and Blease, J., concurred.