Filed 6/23/14  P. v. Jones CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ROY JONES, <br><br> Defendant and Appellant. | C072962 <br><br> (Super. Ct. Nos. 11F05052, 11F07268) |

After pleading no contest to second degree robbery, four counts of attempted second degree robbery, and being a felon in possession of a firearm, defendant Roy Jones was sentenced to serve 12 years and 8 months in state prison and ordered to pay various fines and fees.  On appeal, defendant contends the trial court erred in ordering him to pay $3,040 to the credit union he robbed as restitution for the additional security patrol the credit union hired after defendant and his cohorts robbed the credit union at gun point. We conclude the cost of the additional security patrol for 10 days after defendant's robbery was a proper restitution award and affirm the judgment.

"Restitution is constitutionally and statutorily mandated in California.  (*People v. Mearns* (2002) 97 Cal.App.4th 493, 498; Cal. Const., art. I, § 28, subd. (b).)  The

1

constitutional mandate for restitution is carried out through Penal Code section 1202.4,[1] which provides, in part: '(f) In every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court . . . . The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so, and states them on the record.' Restitution under this provision 'shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to' a list of enumerated items, including medical care, losses to property, and even security measures. (§ 1202.4, subd. (f)(3).)" (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1045 (*Keichler*).)

Despite the broad language of section 1202.4, subdivision (f)(3), defendant argues the language in section 1202.4, subdivision (f)(3)(J), limits restitution for security measures to "residential" security measures. Because the credit union is not a residence, he contends, the credit union was not entitled to restitution for the additional security patrol following the robbery. We disagree.

" ' "A fundamental rule of statutory construction is that a court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.] In construing a statute, our first task is to look to the language of the statute itself. [Citation.] When the language is clear and there is no uncertainty as to the legislative intent, we look no further and simply enforce the statute according to its terms. [Citations.]" [Citations.]' (*People v. Phelps* (1996) 41 Cal.App.4th 946, 949.)" (*Keichler, supra*, 129 Cal.App.4th at p. 1046.)

---

1  Undesignated statutory references are to the Penal Code.

It is well settled that the list of items in section 1202.4, subdivision (f)(3), for which restitution can be awarded is not comprehensive. (See *Keichler, supra,* 129 Cal.App.4th at p. 1042.) Rather, the list is intended only to set forth examples of the types of losses for which restitution can be awarded. (*People v. Thygsesen* (1999) 69 Cal.App.4th 988, 994.) Defendant's argument, that subsection (f)(3)(J) limits restitution for security measures for residential security, ignores the broader language of subdivision (f)(3).

Moreover, defendant's argument ignores the broader purpose of restitution, which is not only to make the victim whole, but to act as a deterrent to future criminal conduct: "Restitution 'is an effective rehabilitative penalty because it forces the defendant to confront, in concrete terms, the harms his [or her] actions have caused . . . [t]he direct relation between the harm and the punishment gives restitution a more precise deterrent effect than a traditional fine.' [Citations.]" (*People v. Moser* (1996) 50 Cal.App.4th 130, 135-136.) If restitution for security measures following a crime were limited to residential security measures, an entire group of criminals would not experience the deterrent effect intended by the restitution statute.

Defendant further argues the award was in error because "the cost of a post-crime security patrol for a credit union or bank more naturally equates to crime prevention rather than 'economic loss.' " Because crime prevention costs are similar to investigative costs, defendant argues crime prevention costs should also be prohibited as victim restitution. We disagree.

Contrary to defendant's arguments, additional security in response to defendant's crime is an appropriate subject for restitution. Here, the record supports the trial court's conclusion the additional security measures were instituted in response to defendant's criminal acts (robbery). Also, there is nothing in this record to suggest the security patrol hired by the credit union following defendant's robbery was used to investigate the crime or apprehend the defendant. (See *People v. Ozkan* (2004) 124 Cal.App.4th 1072, 1076

3

[money spent to investigate crimes or apprehend criminals not properly included within victim restitution].)

Defendant also argues awarding restitution here would result in imposing "harsher victim restitution upon the attempted robber as opposed to the successful robber." This argument makes no sense and defeats the purposes of restitution; to make the victim whole and to deter future criminal activity. Here, the robbery was unsuccessful (no money was stolen) and defendant was not arrested for several days after the attempted robbery. Defendant argued the credit union employed the additional security patrol for fear defendant and his team of robbers would return to finish the job. Even if the robbery was completed, additional security may be needed for a period of time to assuage the fear of employees and customers that the business may now be seen as vulnerable to further criminal activity. Here, we conclude the cost of the additional security patrol for 10 days after defendant's robbery was a proper restitution award.

## DISPOSITION

The judgment is affirmed.


      HOCH    , J.


We concur:


     BLEASE    , Acting P. J.


     DUARTE    , J.

4