Filed 3/30/22  P. v. Dennisbellairs CA3
Opinion following rehearing

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA LOUIS DENNISBELLAIRS,<br><br>Defendant and Appellant. | C093250<br><br>(Super. Ct. No. 19CF03920)<br><br>OPINION ON<br>REHEARING |

Defendant Joshua Louis Dennisbellairs pleaded guilty to violating a domestic relations court order with a prior conviction. After defendant violated his probation a second time, the trial court revoked his probation and sentenced him to the upper term of three years. On appeal, defendant argues the trial court abused its discretion by imposing the upper term. We affirmed the judgment. Defendant filed a petition for rehearing arguing he was entitled to have the matter remanded for the trial court to reconsider his sentence under Senate Bill No. 567 (2021-2022 Reg. Sess.) because he asserts his failure

1

to be successful on probation is no longer a proper basis to impose an upper term sentence. We granted that petition, and after briefing, affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The victim, who lived in a Federal Emergency Management Agency trailer at a campground near Lake Oroville, called California's Department of Parks and Recreation (Parks Department). She reported that three days prior she had been assaulted at her trailer by defendant, her ex-boyfriend, against whom she had a restraining order.

According to the victim, defendant showed up at her trailer and said he needed to talk. The victim let defendant inside and he began to beat her. She curled up into a fetal position while defendant struck her head multiple times and kicked her.

Defendant remained in the trailer after the assault. He threatened the victim with more violence if she did not stop flinching whenever he came near her. The victim asked defendant to leave, but he said he did not have any gas and did not leave. The victim was unable to report the abuse until she fled from her trailer three days later when the defendant left to ask the neighbors for some marijuana. She then called the Parks Department.

When she spoke to the Parks Department, she reported pain in her jaw, nose, head, wrists, and ankles. The responding Parks Department ranger noticed bruising on her wrists and forearms. The victim declined any medical attention.

Rangers entered the victim's trailer and located defendant in the victim's bedroom. Upon his detention, defendant invoked his right to remain silent. While being transported to jail, defendant asked who had reported he was in the trailer and stated that he had come to the trailer a week prior at the victim's invitation. Defendant said after he went to the neighbor's trailer to ask for marijuana, he returned to find a note from the victim stating she went to the Social Security Office and a real estate office.

Defendant pleaded guilty to disobeying a domestic relations court order with a prior. (Pen. Code, § 273.6, subd. (d).)[1] He stipulated the court could derive the factual basis for his plea from the probation report. That probation report established defendant was on probation for the prior conviction when he committed the instant crime. The court dismissed the misdemeanor battery (§ 243, subd. (e)(1)) charge with a *Harvey*[2] waiver. The trial court granted probation for 36 months as recommended in the probation report.

At the time of the offense, defendant was on probation for misdemeanor violation of disobeying a domestic relations court order (§ 273.6, subd. (a)), and failure to appear (§ 1320, subd. (a)). The probation report recommended probation but concluded if the court sentenced defendant to prison, the trial court should impose the upper term of three years. The report stated there were many circumstances in aggravation; his prior convictions were numerous, his prior performance on probation was unsatisfactory, and he was on informal probation when he committed the offense. The report concluded no circumstances in mitigation appeared to apply. Defendant's criminal record summary shows six prior misdemeanor convictions, one felony conviction, and nine probation violations.

Shortly after the trial court granted probation, defendant tested positive for methamphetamine. In response to the petition for violation of his probation, defendant admitted he tested positive for and ingested methamphetamine. Ultimately, the trial court reinstated defendant's probation and imposed 90 days in custody for that violation.

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

Following the first probation violation, defendant moved from his home and did not report to his probation officer. He was arrested more than a year later. Defendant admitted he failed to report to his probation officer. Because defendant expressed concerns about being able to successfully complete probation, the prosecutor suggested the trial court obtain a supplemental probation report.

The supplemental probation report detailed defendant's failure to comply with the terms of his probation when using methamphetamine. It also detailed defendant's statement that he no longer wanted to deal with his probation officer. Defendant asserted he had posttraumatic stress disorder (PTSD) as a result of the Camp Fire in Butte County. He also stated he would not enter into a *Johnson*[3] waiver because "I am not going to give up my time. That is crazy. I will lose it if I have to go to prison with no credits. It will make me commit another crime if I have to do that." In the evaluation section, the report characterized this statement as an admission defendant would most likely commit another crime should the trial court sentence him to prison.

The supplemental probation report identified defendant's numerous prior violations of probation and many drug and domestic violence convictions. The report noted defendant failed to enroll in court-ordered treatment courses for batterers and for substance abuse. Further, defendant had not paid any fines and sustained two documented violations of probation within a two-month period. The report concluded this was unsatisfactory performance on probation.

The report noted that defendant denied he assaulted the victim and denied he had anger problems. The supplemental report noted that defendant had absconded for a year and would not be before the court but for the fact that he was arrested. The report also

---

[3] *People v. Johnson* (2002) 28 Cal.4th 1050, 1053-1054.

stated that defendant minimized his role in every adverse event and accepted zero responsibility for any of his actions. The supplemental report recommended denying probation and imposing the upper term of three years.

At the hearing, the trial court noted it had reviewed, read, and considered the supplemental report and it was the trial court's intent to follow the recommendation.

Defendant argued for the middle term of two years. Defendant noted he had been on probation previously and successfully completed it. Defendant argued the only felony conviction he had was now considered a misdemeanor and he had never been to prison. Defendant asserted he has mental health issues due to the fires in Paradise. Finally, defendant argued the victim's injuries were not severe. Defendant did not contend the supplemental probation report had any material errors, nor did defendant object that the supplemental report failed to address aggravating or mitigating factors. Defendant personally addressed the court and denied he was argumentative with his probation officer. Instead, he blamed their communication problems on his PTSD.

The People argued for the upper term.

The trial court imposed the upper term. The trial court noted defendant was on probation for disobeying a domestic relations order when he committed the crime and that he denied the original assault and his anger issues. The trial court further noted that defendant absconded from probation supervision for almost a year and had not taken responsibility for his role in the incident. Finally, the trial court noted probation had exhausted all of the options to assist defendant.

## DISCUSSION

Defendant argues the trial court abused its discretion by imposing the upper-term sentence because it failed to exercise its independent discretion as demonstrated by the court's failure to sign the probation report or to discuss aggravating and mitigating factors on the record. Defendant argues the facts the trial court set forth on the record did

5

not justify the sentence imposed.  Defendant finally contends the supplemental report contained material errors.

I

*Upper Term Sentence*

Pursuant to section 1170, subdivision (b), as it existed at the time of sentencing, "[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court."  Selection of the upper term is justified only when aggravating circumstances outweigh mitigating circumstances.  (*People v. Lamb* (1988) 206 Cal.App.3d 397, 401.) We review a trial court's election of the lower, middle, or upper term for an abuse of discretion.  (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)  "[A] trial court will abuse its discretion . . . if it relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision."  (*Ibid.*)  The trial court may base its decision on any aggravating circumstance it deems significant that is " 'reasonably related to the decision being made.' "  (*Id.* at p. 848; see also Cal. Rules of Court, rule 4.408(a).)

Moreover, " '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' "  (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978.)  Only a single aggravating factor is required to impose the upper term.  (*People v. Osband* (1996) 13 Cal.4th 622, 728-729.)

Here, the court's initial observation on the record was the fact defendant was on probation at the time he committed the first offense.  The defendant's prior performance on probation was thus unsatisfactory.  (Cal. Rules of Court, rule 4.421(b)(4).)  This is a proper and sufficient basis for imposing the upper term.

6

We conclude the trial court's consideration of the other matters—the defendant's lack of remorse, absconding from probation, minimizing his own culpability, claims of PTSD, and that probation had exhausted all of the options for assistance to the defendant it could for defendant—were legitimate reasons not to reinstate probation. Defendant has not demonstrated otherwise.

In his petition for rehearing, defendant argues the trial court can no longer use the failure to perform on probation as a basis for the imposition of upper term under the changes to the law brought about by Senate Bill No. 567 (2021-2022 Reg. Sesss.). We disagree.

Senate Bill No. 567 amended section 1170, subdivision (b) to state, in relevant part, as follows: "(b)(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2).

"(2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. . . .

"(3) Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. This paragraph does not apply to enhancements imposed on prior convictions." (Stats. 2021, ch. 731, § 1.)

Defendant argues and the Attorney General concedes, this amendment to the law is ameliorative and should be applied retroactively under *In re Estrada* (1965) 63 Cal.2d 740, 744-745, to this case because it was not final when the law went into effect. The new law is ameliorative because it makes the middle term the presumptive sentence and

7

requires a defendant to stipulate to any circumstances in aggravation that will support an upper term sentence or those facts must be found true by a jury or the trial court beyond a reasonable doubt after a trial. Because it is potentially ameliorative to defendant it should be retroactively applied. (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307-308.)

Even though the new law applies here, it does not require resentencing. Nothing in the amended law prohibits the trial court from considering the circumstances in aggravation listed in California Rules of Court, rule 4.421 where those facts are stipulated to by the defendant or found true by the court or a jury. In this case, defendant admitted in the probation report he committed the instant crime while he was on probation for the prior crime. He further stipulated this report could be used as the factual basis for his plea. The trial court properly considered this fact to justify the upper term sentence.

In addition, the trial court was entitled to consider events occurring between the original grant of probation and the reinstatement of probation when it resentenced defendant upon revocation of his reinstated probation. (*People v. Harris* (1990) 226 Cal.App.3d 141, 147.) Here, defendant admitted the facts that support the two violations of his probation in open court and the court reinstated his probation after the first violation. Under these circumstances, the imposition of the upper term was not an abuse of discretion.

II

*Supplemental Probation Report*

The Attorney General argues defendant forfeited arguments that the trial court relied on material errors in the supplemental probation report and failed to review the probation report by failing to raise these objections before the trial court. Defendant argues his counsel's failure constituted ineffective assistance of counsel.

8

We agree with the Attorney General defendant forfeited these arguments because they were not raised before the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 351.) We further conclude defendant failed to demonstrate his counsel was ineffective.

To prevail on a claim of ineffective assistance of counsel, a defendant must prove that: (1) counsel's performance fell below the prevailing professional norms; and (2) that it is reasonably probable a more favorable outcome would have resulted but for counsel's failings. (*Strickland v. Washington* (1984) 466 U.S. 668, 687; *People v. Williams* (1997) 16 Cal.4th 153, 257.) "An attorney may choose not to object for many reasons, and the failure to object rarely establishes ineffectiveness of counsel." (*People v. Kelly* (1992) 1 Cal.4th 495, 540.) "[I]f the record sheds no light on why counsel acted or failed to act in the challenged manner, we must reject the claim on appeal unless counsel was asked for an explanation and failed to provide one, or there could be no satisfactory explanation for counsel's performance." (*People v. Castillo* (1997) 16 Cal.4th 1009, 1015.) We presume " 'counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy. Defendant thus bears the burden of establishing constitutionally inadequate assistance of counsel.' " (*People v. Carter* (2005) 36 Cal.4th 1114, 1189.)

Here, at the sentencing hearing, defense counsel articulated the key arguments counsel believed supported the imposition of the middle term: defendant previously and successfully completed probation; his only felony conviction is now considered a misdemeanor; he had mental health issues; and the victim's injuries were not severe. His failure to object to conclusions set forth in the supplemental probation report represent a defense counsel's reasoned determination that those issues either were not misrepresented or not material. For example, defendant asserts the probation report's conclusion that defendant said he would commit another crime if sent to prison, misrepresented what the defendant said, quoting defendant's comments regarding his feelings about a potential waiver. The supplemental probation report included both defendant's statement and the

9

disputed conclusion. Defense counsel's decision not to argue this point and highlight his client's potential future intent to disregard the law at sentencing, did not fall below the standard of reasonableness.

As to the second material error, defendant argues the supplemental probation report improperly raised the issue of defendant's denial he assaulted the victim and of his anger issues, given that the assault charge was dismissed. Defendant's dismissal was entered with a *Harvey* waiver. A *Harvey* waiver permits the sentencing court to consider the facts underlying dismissed counts and enhancements when determining the appropriate disposition for the offense or offenses of which the defendant stands convicted. (*People v. Moser* (1996) 50 Cal.App.4th 130, 132-133.) Defendant's counsel's decision not to focus on this issue did not fall below the standard of care.

Third, defendant argues the probation report's conclusion that defendant routinely minimized his role in every adverse event and accepted zero responsibility for his behavior was false because he pled guilty. Both his plea, which was only to one of the two charges, and the probation officer's conclusions based on those facts were before the court. Defense counsel had nothing to gain for defendant by arguing that the probation officer's conclusion was erroneous.

Defense counsel's decision not to object because the trial court did not state it reviewed the prior probation report was similarly not deficient. While the probation report recommended probation, it examined the appropriate aggravating factors that applied to defendant and concluded no mitigating factors applied. Defense counsel reasonably could have concluded raising this issue could only hurt, not help his client. His failure to object was not ineffective assistance.

10

## DISPOSITION

The judgment is affirmed.

|  |
| --- |
| /s/ |
| RAYE, P. J. |

We concur:

|  |
| --- |
| /s/ |
| ROBIE, J. |

|  |
| --- |
| /s/ |
| HOCH, J. |