Filed 5/17/22  P. v. Harris CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>BRENDAN I. HARRIS,<br>    Defendant and Appellant. | A163259<br><br>(San Mateo County Super. Ct. No. 18-NF-010558-A) |

After the parties reached a plea agreement and defendant Brendan Harris entered a plea, the trial court imposed a sentence that included an upper term.  On appeal, the parties agree Harris is entitled to resentencing under Senate Bill No. 567 (2021-2022 Reg. Sess.) (S.B. No. 567).  We agree with the parties and remand for resentencing.

**BACKGROUND**

The San Mateo District Attorney charged Harris with attempted murder (Pen. Code,[1] §§ 664, 187, subd. (a); count 1), assault with a deadly weapon (§ 245, subd. (a)(1); count 2), and assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 3).  The information alleged enhancements including personal infliction of great bodily injury (§ 12022.7, subd. (a)) as to counts 2 and 3 and that Harris had a prior felony conviction

---

[1] Further undesignated statutory references are to the Penal Code.

1

that was a strike under sections 667 subdivisions (b)–(j) and 1170.12 and a serious felony conviction under section 667, subdivision (a)(1).

In April 2021, the parties reached a plea agreement under which Harris pleaded no contest to count 2 and admitted the great-bodily-injury and prior strike allegations in exchange for dismissal of the remaining allegations with a *Harvey* waiver,[2] dismissal of another case, and a maximum sentence of 11 years.

At sentencing in July 2021, the trial court sentenced Harris to 11 years in prison, composed of the upper term of four years for the offense, doubled to eight years because of the prior strike, plus three years for the great-bodily-injury enhancement.

## DISCUSSION

Since Harris's sentencing in 2021, the sentencing law has changed. Effective January 1, 2022, S.B. No. 567 amended Penal Code section 1170, so that an upper term may only be imposed in certain circumstances and the lower term is the presumed term in other circumstances. (§ 1170, subd. (b)(2) and (6).)

Section 1170, subdivision (b)(2), now provides in relevant part, "The court may impose a sentence *exceeding the middle term only when* there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and *the facts underlying those circumstances have been stipulated to by the defendant*, or have been

---

[2] "A *Harvey* waiver permits a trial court to consider facts underlying dismissed counts in determining the appropriate disposition for the offense of which the defendant was convicted." (*People v. Moser* (1996) 50 Cal.App.4th 130, 132–133; see *People v. Harvey* (1979) 25 Cal.3d 754.)

found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (Italics added.)

Section 1170, subdivision (b)(6), now provides in relevant part, "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court *shall order imposition of the lower term if* any of the following was *a contributing factor in the commission of the offense*: [¶] (A) *The person has experienced* psychological, *physical*, or *childhood trauma*, including, but not limited to, abuse, neglect, exploitation, or sexual violence." (Italics added.)

Here, the trial court imposed the upper term, which now only may be imposed in compliance with section 1170, subdivision (b)(2). And, according to the probation report, Harris stated that he was physically abused by his father when he was a child, a circumstance that implicates consideration of section 1170, subdivision (b)(6).

On appeal, Harris seeks remand for sentencing under both of these new provisions of section 1170. The Attorney General agrees the new provisions enacted by S.B. No. 567 apply retroactively to Harris and that the matter should be remanded for resentencing. We agree with the parties and remand the matter to the trial court for resentencing. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038–1039 [remanding for resentencing under Penal Code section 1170 as amended by S.B. No. 567].)

## DISPOSITION

The sentence is vacated and the matter is remanded to the trial court to sentence defendant under Penal Code section 1170 as amended by S.B. No. 567.

3

_____

                              _____
                              Miller, J.


WE CONCUR:


_____
Richman, Acting P.J.


_____
Mayfield, J.*


A163259, *People v. Harris*

_____

* Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4