Filed 8/26/22 P. v. Turner CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C094937 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CF01072) |
| v. | |
| KIANTE DOMNIQUE TURNER, | |
| Defendant and Appellant. | |

Defendant Kiante Dominique Turner pleaded no contest to two counts of continuous sexual abuse of minors, J.F. and A.F, and the trial court sentenced him to the upper term of 16 years on each count. Defendant contends Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731) (Senate Bill 567) requires us to reverse and remand for resentencing. The People properly concede Senate Bill 567 is retroactive but argue the new law does not affect defendant's sentence. We affirm defendant's convictions but will remand the case for resentencing with directions that the trial court reconsider the upper term sentence in a manner consistent with section 1170.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The first amended information charged defendant with oral copulation or sexual penetration of J.F., a child under 10 years old (Pen. Code, § 288.7, subd. (b);[1] count 1), continuous sexual abuse of J.F. (§ 288.5; count 2), and continuous sexual abuse of A.F. (§ 288.5; count 3). The amended information also alleged defendant engaged in substantial sexual conduct and committed the crimes on more than one victim during the same course of conduct. (§ 1203.066, subd. (a)(7) & (8).) As part of a plea agreement, defendant pleaded no contest to count 2 and count 3 in exchange for the dismissal of count 1 and the special allegations with a *Harvey*[2] waiver.

Defendant stipulated to the probation report as the factual basis for his plea. That report disclosed defendant sexually assaulted his wife's two daughters over the course of a decade starting when they were approximately six years old and nine years old. The abuse continued until the mother discovered what defendant was doing. Because we will remand this matter for resentencing, we will not describe the nature of these sexual assaults other than to say defendant, as the stepfather of these children, committed dozens of assaults against these girls over the prior decade. Defendant admitted his crimes to the sheriff deputies who interviewed him.

The probation report prepared for defendant's sentencing hearing noted defendant's prior convictions included a sustained juvenile petition for an attempted robbery (§§ 664/211) in 2007. It also showed three adult convictions between 2009 and 2011. The first was a misdemeanor conviction for being a principal or accomplice to an unknown crime. (§ 31.) The second was for carrying a loaded firearm in public. (Former § 12031, subd. (a)(1).) The third was for a failure to appear. (§ 1320, subd. (b).) The report also noted defendant violated his probation in 2011.

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

At sentencing, the trial court found "on balance the circumstances in aggravation outweigh the circumstances in mitigation, and the upper term is the appropriate term." In imposing sentence, the court found the victims were particularly vulnerable, pointing out that A.F. was approximately nine years old, and J.F. approximately six years old at the time of the sexual assaults; defendant was in a position of authority as their stepfather; defendant engaged in conduct that indicated a serious danger to society; defendant engaged in substantial sexual conduct with both children; defendant "groomed" the children over a long period of time, escalating the abuse as the children matured; and defendant's prior convictions as an adult and sustained petitions as a juvenile, were of an increasing seriousness in nature. The only factor in mitigation was that "defendant admitted wrongdoing at an early stage . . . and he has expressed remorse." The trial court sentenced defendant to two consecutive upper terms of 16 years in state prison on each count.

Defendant timely appealed.

## DISCUSSION

A. *Senate Bill 567*

Defendant argues the case should be remanded for resentencing due to the enactment of Senate Bill 567, which became effective January 1, 2022, and made changes affecting the trial court's sentencing determinations for upper term sentences. (Stats. 2021, ch. 731; Cal. Const., art. IV, § 8, subd. (c).) The Attorney General agrees Senate Bill 567 is retroactive but argues this change in the law does not benefit defendant because the plea agreement specifically included defendant's waiver pursuant to *People v. Harvey, supra*, 25 Cal.3d 754, and the trial court properly relied on the dismissed charges to supply circumstances in aggravation and alternatively, any error in imposing the upper term was harmless beyond a reasonable doubt. "A *Harvey* waiver permits the sentencing court to consider the facts underlying dismissed counts and enhancements

3

when determining the appropriate disposition for the offense or offenses of which the defendant stands convicted." (*People v. Munoz* (2007) 155 Cal.App.4th 160, 167 (*Munoz*), citing *People v. Moser* (1996) 50 Cal.App.4th 130, 132-133.)

At the time the trial court sentenced defendant, former section 1170 provided when a judgment of imprisonment is to be imposed and a statute specifies three possible terms, "the choice of the appropriate term shall rest within the sound discretion of the court." (Former § 1170, subd. (b).) The California Rules of Court lists various circumstances in aggravation and mitigation to inform this decision. (Cal. Rules of Court, rules 4.421, 4.423.)

As relevant here, Senate Bill 567 (Stats. 2021, Ch. 731, §§ 1.3, 3(c)) amended section 1170, subdivision (b) to state, the trial "court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) Further, "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).) Thus, the Legislature created a rule limiting a trial court's discretion to impose the upper term in cases where the facts underlying the circumstances in aggravation have not been proven beyond a reasonable doubt in a jury or court trial or otherwise stipulated by the defendant.

Because Senate Bill 567 is ameliorative due to its potential to bar some upper term sentences, we agree with the parties Senate Bill 567 applies retroactively to defendant's case. (*People v. Flores* (2022) 75 Cal.App.5th 495, 500.)

4

B. *Defendant's Harvey Waiver and Stipulation*

The Attorney General argues defendant's *Harvey* waiver constitutes a stipulation that the sentencing court could rely on facts of the dismissed count and special allegations that were not proven beyond a reasonable doubt. The Attorney General's argument is based on *Munoz, supra*, 155 Cal.App.4th 160, which involved a defendant's relinquishment of his Sixth Amendment right to a jury trial and beyond a reasonable doubt finding, on the facts used to aggravate his sentence. (*Munoz*, at p. 168.) At the time *Munoz* was decided the United States Supreme Court had concluded "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be tried to a jury and proved beyond a reasonable doubt." (*Id.* at p. 166, citing *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*); *Blakely v. Washington* (2004) 542 U.S. 296; & *Cunningham v. California* (2007) 549 U.S. 270.) The Attorney General argues the application of amended section 1170 in this case raises the same issue as in *Munoz*, and should be resolved the same way here because, like in *Munoz*, defendant made a plea bargain with a *Harvey* waiver.

In the alternative, the Attorney General argues the sentence should be affirmed based on the doctrine of harmless error.

We agree with the Attorney General that because defendant provided a *Harvey* waiver, he in turn stipulated to some of the aggravating factors the trial court relied on in imposing the upper term sentence. In this regard we find *Munoz* helpful to our analysis.

The court in *Munoz* found that all of the aggravating factors cited by the trial court were encompassed in defendant's *Harvey* waiver, which permitted the trial court to consider the entire background of the case, the dismissed or stricken charges or allegations, and defendant's criminal history when imposing sentence. As such, the *Munoz* court held that the defendant effectively " 'stipulate[d] to the relevant facts' necessary to impose the upper term, thereby waiving his right to have a jury trial and

proof beyond a reasonable doubt on those facts." (*Munoz, supra*, 155 Cal.App.4th at p. 168.)

Here defendant completed a written plea form. On the form the defendant initialed the box regarding a *Harvey* waiver which states as follows: "I stipulate the sentencing judge may consider my prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation, ordering restitution, or *imposing sentence*." (Italics added.) Defendant also signed the plea form under penalty of perjury and confirmed when questioned by the trial judge at the time he entered his plea, that he read and understood the form, and carefully reviewed it with his attorney.

Mindful that the particular *Harvey* waiver that defendant entered in this case included his agreement that the trial court could consider the *entire background of the case*, and defendant's *criminal history*, we note that included within the probation report, to which defendant stipulated to support the facts of the case, was a recount of defendant's statement to law enforcement in which defendant admitted to engaging in numerous sexual acts with J.F. during the time she was between the ages of six to 15 years old, and numerous sexual acts with A.F., which began when she was approximately nine years old.

Defendant also provided a statement to probation which was contained in the probation report. In his statement, defendant admitted committing the offenses detailed in the police report, and confirmed that his abuse of the children began when they were six and nine years old. Defendant also told probation that he "regrets taking advantage of his position as the victims' stepfather and feels the victims have been impacted by the offenses." He explained to probation that he felt the victims may have felt trapped as he had " 'control over their lives at the time.' "

Thus, like the defendant in *Munoz,* "defendant effectively 'stipulate[d] to some of the relevant facts' necessary to impose the upper term, thereby waiving his right to have a

6

jury trial and proof beyond a reasonable doubt on those facts." (*Munoz, supra*, 155 Cal.App.4th at p. 168.)

In addition to the facts that defendant admitted to, defendant pled to allegations of "continuous sexual abuse," and "unlawfully engag[ing] in three and more acts of 'substantial sexual conduct'" on both minors. He also stipulated to facts which included the age of the children, and his position of authority.

However, the trial court also conducted its own factfinding in determining the defendant "groomed" the children and that the abuse "escalated as the children matured." The court also found that defendant engaged in conduct that indicates a serious danger to society and that his prior convictions were of an increasing seriousness in nature. These factors were not stipulated to by defendant, proven through certified records of conviction, or proven to a jury beyond a reasonable doubt. (§ 1170, subd. (b).) As such, consideration of these factors by the trial court was improper under the newly amended statute. We thus examine whether the trial court's error in this case was prejudicial to defendant.

C. *Harmless Error Under Chapman v. California*

Reviewing courts subject most trial court errors to harmless error review, either under the standard described in *Chapman v. California* (1967) 386 U.S. 18, or the standard described in *People v. Watson* (1956) 46 Cal.2d 818 (*Watson*). (*People v. Gonzalez* (2018) 5 Cal.5th 186, 195-196; but see *id*. at p. 196 [errors that are structural in nature are not subject to harmless error analysis].) The *Chapman* standard covers errors involving "violations of the federal Constitution" and "requires reversal unless the error is harmless 'beyond a reasonable doubt.' [Citation.]" (*Gonzalez*, at pp. 195-196.) The *Watson* standard, in turn, covers errors involving violations of state law and requires reversal if "it is ' "reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." ' [Citations.]" (*Id*. at p. 195.)

In this case, at least one of the factors relied upon by the trial court, that defendant engaged in substantial sexual conduct with each victim, was proven when defendant waived his right to a jury trial and entered a no contest plea. Accordingly, we have no *constitutional* concerns with defendant's upper term sentences. (See *People v. Black* (2007) 41 Cal.4th 799, 812 [as long as a single aggravating circumstance that renders a defendant *eligible* for the upper term sentence has been established in accordance with the requirements of *Apprendi* and its progeny, any additional factfinding engaged in by the trial court in selecting the appropriate sentence among the three available options does not violate the defendant's right to jury trial].)

Likewise, we find the trial court's reliance on defendant's prior convictions also did not violate the rule announced in *Apprendi*. Not only did defendant stipulate that the trial court could consider his prior criminal history, in *People v. Black, supra*, 41 Cal.4th 799, the California Supreme Court held that the exception recognized in *Apprendi, supra*, 530 U.S. 466, for prior convictions extends to the fact of a defendant's prior prison term and the number and seriousness of them. "Under *Cunningham*, aggravating circumstances based on a defendant's criminal history that render the defendant eligible for the upper term include a trial court's finding that the defendant suffered a prior conviction (*Black*, *supra*, 41 Cal.4th at pp. 818-820); that the defendant suffered prior convictions that are numerous or increasingly serious (*ibid.*); that the defendant was on probation or parole at the time the offense was committed (*People v. Towne* (2008) 44 Cal.4th 63, 80-81); and that the defendant performed unsatisfactorily while on probation or parole to the extent such unsatisfactory performance is established by the defendant's record of prior convictions (*id.* at p. 82)." (*People v. Scott* (2015) 61 Cal.4th 363, 405). Therefore, we do not find any constitutional error here.

## D. Harmless Error Under People v. Watson

Because we find statutory error in the trial court's reliance on certain aggravating factors that were not admitted by defendant, proven through certified records of conviction, or found true beyond a reasonable doubt by a jury as required by the newly amended statute, we find the harmless error test in *Watson, supra*, 46 Cal.2d at page 836 applies. (*People v. Epps* (2001) 25 Cal.4th 19, 29.) The test is whether, " 'after an examination of the entire cause, including the evidence,' [the reviewing court] is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*Watson*, at p. 836; see also Cal. Const., art. VI, § 13; *People v. Price* (1991) 1 Cal.4th 324, 492 ["When a trial court has given both proper and improper reasons for a sentence choice, a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper"], superseded by statute on other grounds as stated in *People v. Hinks* (1997) 58 Cal.App.4th 1157, 1161-1165.)

This analysis requires a two-step process, starting with whether there is a reasonable probability that the facts underlying the improperly determined aggravating circumstances would have been established in a statutorily permissible manner and found true beyond a reasonable doubt if submitted to a jury, or court in a court trial. (*Watson, supra*, 46 Cal.2d at p. 836; § 1170, subd. (b)(2).) Then, excluding any factors we cannot conclude would have been found true in a permissible manner, we examine the entire cause to see whether it is reasonably probable that the trial court would have imposed a more favorable result, i.e., a more lenient sentence. (See *People v. Price, supra*, 1 Cal.4th at p. 492.) A reasonable probability of a more favorable result exists where the improper factor was determinative for the sentencing court or where the reviewing court cannot determine whether the improper factor was determinative. (*People v. Avalos* (1984) 37 Cal.3d 216, 233.)

While defendant's entry of a *Harvey* waiver included his agreement to allow the trial court to consider his prior criminal history, the factor relating to a qualitative assessment of his recidivism (i.e., the increasing seriousness) was not submitted to a jury. Nor were the factors that defendant "groomed" the children and represented a danger to society. These factors call for a particularly subjective assessment and it would constitute speculation on our behalf, as to whether a jury would assess the facts in the same manner as did the trial court.

Excluding then, consideration of the above factors, we analyze whether there is a reasonable probability that defendant would have received a more lenient sentence based only on those factors we find were permissible for the trial court to rely on. The record does not clearly indicate that the trial court weighed these permissible factors more heavily than the factors it impermissibly considered. Stated differently, the record does not disclose that the trial court would have exercised its discretion to impose an upper term sentence based only on the permissible aggravating factors. Because we cannot conclude that the trial court would have selected an upper term sentence based only on these factors, we conclude that remand is necessary to allow the trial court to exercise its discretion consistent with the recent amendments to section 1170. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "].)

## DISPOSITION

Defendant's convictions are affirmed.  The matter is remanded for resentencing with directions that the trial court reconsider the upper term sentence in a manner consistent with section 1170.


                                                      /s/
                                              EARL, J.


I concur:


      /s/
KRAUSE, J.


I concur; as to parts B, C, and D, I concur in the result:


      /s/
MAURO, Acting P. J.


11